IN THE UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **44 FOOD MARKET, Inc.,** a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | **CASE NO.**<br><br>**CIVIL ACTION - COMPLAINT** |

The Plaintiff, 44 FOOD MARKET, Inc., a Corporation formed under & pursuant to the laws of the Commonwealth of Pennsylvania, by and through its undersigned counsel, hereby respectfully files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein; and in support thereof respectfully states as follows:

**THE PARTIES, FACTUAL & PROCEDURAL BACKGROUND**

1. The Plaintiff is a retail food store in Philadelphia, Pennsylvania, named 44 FOOD MARKET, Inc. (the Store). The store is dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2. Located and operating at 701 No. 44th Street, Philadelphia, PA 19104 in the Mill Creek section of West Philadelphia, Pennsylvania, the Store serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3. The Defendant, the UNITED STATES OF AMERICA, acting through its Agency, the United States Department of Agriculture (hereinafter referred to as "The Program," "the Agency," "the Government," "the USDA" and/or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

4. Accordingly, the Store began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its appeal to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue, as they conduct significant non-SNAP transactions as well for ineligible items.

5. On or about September 05, 2025, the USDA, through the FNS (the Program / the Agency / the Government), issued a Charge Letter to the Plaintiff wherein the store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiff from the program.

6. The Plaintiff denied the allegations and challenged the program’s intended action in a reply dated September 09, 2025.

7. On or about November 24, 2025, the Agency affirmed its decision to impose the intended six-month disqualification of the Plaintiff from the program.

8. Accordingly, on December 04, 2025, the Plaintiff, through the undersigned counsel, timely requested an Administrative Review of the Agency’s decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments in support of the Store’s position. The Plaintiff took issue not only with the evidence that any violations of SNAP retailer policies had occurred, but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees, and that the government presented insufficient uncorroborated evidence to substantiate its claims, inter alia.

9. The Administrative Review Division of the USDA acknowledged the Plaintiff’s request by letter dated December 17, 2025.

10. On October 13, 2026, the Agency issued its Final Agency Decision (dated October 06, 2026) affirming its decision to disqualify the Store for six-months. The Plaintiff's administrative appeal was denied. The documents, including the USDA's Final Agency Decision with accompanying email are collectively attached hereto as Exhibit "A."

11. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiff for six (6) months from participating as a SNAP retailer.

**JURISDICTION AND VENUE**

12. The Plaintiff brings this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

13. This Honorable Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

14. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Philadelphia, Philadelphia County, Pennsylvania and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

15. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

16. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household. These benefits are transmitted to, and utilized by the participant through an Electronic Benefits Transfer (EBT) card, which conceptually functions similarly to a debit card.

17. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as the Plaintiff.

## SNAP VIOLATION REGULATIONS AND POLICIES

18. SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are. In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

19. The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its

employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

20. In this instant action, the Defendant has alleged that the Plaintiff committed transactions that amount to the selling of ineligible common non-food items (also referred to as "minor ineligible items") in EBT transactions. Such allegations were based upon unsworn statements of an unidentified investigator, who is not subject to cross-examination.

21. In all, the Charge Letter claims that the Plaintiff allegedly sold different ineligible items to the Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture.

22. Notably, neither the Charge Letter (which instituted the adverse Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

23. The store, in fact, did oversee its employees and provide SNAP training. At no time was the store owner or manager neglectful or careless in the operation of the store.

24. As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

**ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES**

25. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty. As noted by the

District of Oregon in *Plaid Pantry Stores, Inc.. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

26. Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

**COUNT I: REQUEST FOR JUDICIAL REVIEW**

27. The Plaintiff respectfully incorporates and restates each and every paragraph set forth above as though fully set forth herein.

28. The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, has the right to and hereby does, respectfully request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiff.

29. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiff had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

30. The store respectfully denies that the transactions occurred as described by the Agency.

31. Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

32. The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

33. Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

34. Both the finding of a sale of ineligible items and that such sale was the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

35. Furthermore, the Plaintiff has never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

36. Additionally, the Plaintiff has never been afforded an opportunity to have this dispute evaluated or considered by a neutral arbiter or referee: this Judicial Review would be the Plaintiff's first such opportunity.

37. As such, the Defendant, acting through its agency(ies), department(s) and sub-department(s) in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

38. Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter; and the Plaintiff's status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment in favor of the Plaintiff and against the Defendant for improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney's fees and costs incurred in this action.

**COUNT II: ARBITRARY AND CAPRICIOUS SANCTION**

39. The Plaintiff hereby respectfully incorporates and restates the above paragraphs as though more fully set forth herein.

40. The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

41. The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

42. In any case, the Defendant lacked sufficient substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff, which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

43. As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court set aside the Defendant's suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff's attorney's fees and costs incurred in this action.

**COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY**

44. The Plaintiff hereby respectfully incorporates and restates the above paragraphs as if more fully set forth herein.

45. The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of the Store's ability to accept and process EBT.

46. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

47. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

48. As such, the Plaintiff respectfully requests that this Honorable Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in this Complaint.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiff attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorney and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: October 27, 2026

Respectfully submitted,

*Joseph Vaccaro*

Joseph Vaccaro, Esq.
PA Attorney ID: 83366
541 E. Landis Avenue
Vineland, NJ 08360
Telephone: (215) 527-0887
Email: Vaccaroesq66@gmail.com

**COUNSEL FOR PLAINTIFF**